UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 21-110 |
| TROYLYNN BROWN | SECTION R |

## ORDER AND REASONS

Before the Court is defendant Troylynn Brown's motion for early termination of supervised release.[1]   Neither the Government nor the Probation Office oppose Brown's motion.[2]  For the reasons that follow, the Court grants Brown's motion.

Under 18 U.S.C. § 3583(e), the court may, after considering the relevant factors set forth in § 3553(a):

> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The relevant 3553(a) factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the

---

[1]    R. Doc. 336.

[2]    *Id.*

sentence to afford adequate deterrence to criminal conduct; the need to protect the public from future criminal conduct by defendant; and the need to provide defendant with training and other correctional treatment. 18 U.S.C. § 3553(a).

On December 14, 2022, Brown pled guilty to one count of conspiracy to commit mail fraud.[3]  On March 29, 2023, this Court sentenced her to two years' imprisonment and three years of supervised release.[4]  On May 1, 2023, this Court reduced her sentence to 18 months' imprisonment and three years of supervised release.[5]  Brown's supervised release began on May 13, 2024, and more than a year has elapsed.  In support of her motion, Brown states that she was subpoenaed to serve as a fact witness in the staged accident case of *United States v. Motta,* and she complied with her subpoena, met with the Government before trial, and testified truthfully.[6]  Brown additionally states that she has been fully compliant with her terms of supervised release.[7] Neither the Government nor Probation objects to early termination of supervised release.[8]

---

[3]    R. Doc. 164.
[4]    R. Doc. 227.
[5]    R. Doc. 294.
[6]    R. Doc. 336.
[7]    *Id.*
[8]    *Id.*

2

The Court has considered the 3553(a) factors and is satisfied that the interest of justice warrants early termination of Brown's supervised release. Brown has fully complied with the terms of her supervised release and has cooperated with the Government. The term already served was sufficient to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Supervised release is no longer necessary to act as a deterrent or protect the public from Brown.

Accordingly, the Court GRANTS defendant's motion for early termination of supervised release. Troylynn Brown's term of supervised release is terminated immediately.

New Orleans, Louisiana, this 23rd day of July, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

3